UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| PLAINTIFF | § | |
| | § | |
| V. | § | CASE NO. 7:19CR01502-S3-003 |
| | § | |
| JOSE ADOLFO SALINAS | § | |
| DEFENDANT | § | |

## **DEFENDANT JOSE ADOLFO SALINAS' MOTION FOR CORRECTION OF SENTENCE**

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES JOSE ADOLFO SALINAS, by and through his undersigned counsel, and brings his Motion for Correction of Sentence, and in support thereof, Defendant would show the Court the following:

## Introduction.

Rule 35(a) of the Federal Rules of Criminal Procedures allows the trial court to correct a sentence that resulted from clear error. This authority extends to those cases in which there is "an obvious error or mistake." *See United States v. Ross,* 557 F.3d 237, 239 (5th Cir. 2009) (granting government's post-sentencing motion for reduction of amount of restitution owed by defendant); *see also* FED. R. CRIM. PROC. 35 Notes of Advisory Committee on Rules – 1991 Amendment (court's authority to correct a sentence extends to "errors which would almost certainly result in a remand of the case to the trial court").

The trial court maintains jurisdiction to address clear errors within the 14-day period provided by Rule 35. *See United States v. Gunselman,* 643 Fed. Appx. 348, 357 (5th Cir. 2016). Thereafter, any clear error that was committed in connection with the sentencing is addressed on direct appeal.

1

**Defendant's Sentence.**

On April 28, 2022, Mr. Salinas was sentenced before this Court, pursuant to his plea of guilty to Count Two of the Third Superseding Indictment filed in the instant case. Included in the sentence imposed by this Court was an order to pay restitution in the following amounts:

- $162,000 to the City of La Joya;
- $100,000 to the La Joya Economic Development Corporation, and,
- $58,531.26 to the La Joya Housing Authority.

The Third Superseding Indictment filed in the instant case contained several counts charging three defendants with one or more crimes, each of which designating a particular alleged scheme:

- Count One – *"Public Relations Contract"* charging Sylvia Garces Valdez;
- Count Two – *"Public Relations Contract"* charging Sylvia Garces Valdez, Frances Salinas de Leon, and Jose Adolfo Salinas;
- Count Three – *"Cemetery Property Scheme"* charging Jose Adolfo Salinas;
- Count Four – *"La Joya Housing Authority Scheme"* charging Frances Salinas del Leon; and,
- Count Five – *"Arcoiris Daycare Scheme"* charging Jose Adolfo Salinas and Frances Salinas de Leon.

It appears from documents relevant to the sentencing of Mr. Salinas, this Court imposed the three specific restitution amounts listed above for the following reasons:

1. **$162,000 to the City of La Joya**: The Court combined the following amounts:
    a. $22,000, which is the total amount paid to Sylvia Valdez in connection

2

with the "Public Relations Contract." *See Salinas Presentence Report, as revised September 15, 2021 & April 6, 2022 (hereinafter referred to as "PSR") ¶ 17*. The "Public Relations Contract" issue was the subject of Count 2 of the Third Superseding Indictment, the count to which Mr. Salinas pled guilty - - i.e., the count of conviction.

    b. $140,000, which corresponds to a portion of the sale price for the "Cemetery Property" referred to in Count 3 of the Third Superseding Indictment which is alleged to have been inflated. Although Mr. Salinas was charged in Count 3, he did not plead guilty to such Count.

2. **$100,000 to the La Joya Economic Development Corporation**: The Court's judgment reflects that Mr. Salinas was ordered to pay $100,000 of a "total loss" of $200,000. *See Judgment, p. 4, at Docket No. 250*. This amount appears to refer to monies related to the "Arcoiris Daycare Scheme" charged in Count 5 of the Third Superseding Indictment. *See PSR ¶¶ 26, 27 & 31*. Although Mr. Salinas was charged in Count 5, he did not plead guilty to such Count.

3. **$58,531.26 to the La Joya Housing Authority**: This amount reflects monies that were attributable to Francis DeLeon's involvement with the La Joya Housing Authority, as charged in Count 4 of the Third Superseding Indictment. *See PSR ¶¶ 19-23 & 30*. Mr. Salinas was not charged in Count 4 nor did he plead guilty to such count.

Defendant Salinas respectfully submits that the restitution order imposed by this Court was not authorized by statute and therefore was clear error.

## Applicable Law.

A district court's authority to impose restitution is limited by statute. *United States*

3

*v. Joe,* No. 21-10206, 2022 U.S. App. LEXIS 9545, *8 (5th Cir., Apr. 8, 2022); *United States v. Penn,* 969 F.3d 450, 458 (5th Cir. 2020), each case citing the *Victim and Witness Protection Act,* 18 U.S.C. ¶ 3663 & *Mandatory Victim Restitution Act,* 18 U.S.C. § 3663A.

This Court's order of restitution as to Defendant Salinas appears to have rested on the *Mandatory Victim Restitution Act. See PSR ¶¶ 74-75.* A district court's "restitution order that exceeds the court's statutory authority is an illegal sentence." *See United States v. Penn, supra* at 458; *see also United States v. Majors,* No. 20-40405, 2022 U.S. App. LEXIS 2872, *4 (5th Cir., Feb. 1, 2022). The Fifth Circuit has held that a trial court's order of restitution must be limited by the offense of conviction. *See United States v. Penn, supra* at 458, citing *Hughey v. United States,* 495 U.S. 411, 413, 110 S. Ct. 1979, 109 L. Ed. 2d 408 (1990). Restitution cannot be based upon conduct that does not underlie the offense of conviction. *Id.* This includes conduct that may appear to be the natural result of or directly related to the conduct underlying the offense of conviction.

In *Penn,* the Fifth Circuit rested its decision in part on *United States v. West,* 646 F.3d 745, 751 (10th Cir. 2011) where damage caused to cars while the defendant was fleeing from police was held to not be conduct underlying the defendant's felon-in-possession offense of conviction. *See United States v. Penn, supra* at 459. As clearly stated by the United States Supreme Court, "[w]e hold that the language and structure of the [Victim and Witness Protection] Act make plain Congress' intent to authorize an award of restitution only for the loss caused by the specific conduct that is the basis of the offense of conviction." *Hughey v. United States, supra* at 413. ("loss caused by conduct underlying the offense of conviction establishes the outer limits of a restitution order"). In response to the 1990 *Hughey* case, Congress amended that portion of the Victim and Witness Protection Act dealing with the category of eligible victims to provide that restitution may be awarded to any person who is

4

directly harmed by the defendant's course of criminal conduct when the offense of conviction involves a scheme, conspiracy or pattern of criminal activity. *See United States v. Hughey,* 147 F.3d 423, 437 (5th Cir. 1998). The Fifth Circuit still held, however, that an award of restitution must be limited to the offense of conviction. *Id.*

The Fifth Circuit Court of Appeals and other courts subsequently have held that restitution is a narrower scope than "relevant conduct" under the Sentencing Guidelines. *See, e.g., United States v. Benns,* 740 F.3d 370, 377 (5th Cir. 2014) ("district court erred by awarding restitution based on relevant conduct that went beyond Benns' offense of conviction"); *United States v. Silkowski,* 32 F.3d 682, 688 (2d Cir. 1994) ("different considerations" govern the scope of conduct relevant to restitution in contrast to "relevant conduct" under the Sentencing Guidelines); *United States v. Kane,* 944 F.2d 1406, 1415 n. 7 (7th Cir. 1991); *United States v. Feliz,* No. 15-421, 2021 U.S. Dist. LEXIS 226638, *9 n. 13 (N.J. Dist., Nov. 23, 2021). In *Benns,* the Fifth Circuit held that "an award of restitution based on losses not resulting from the offense of conviction is an error that is clear and obvious." *United States v. Benns, supra* at 377; *see also United States v. Benns,* 810 F.3d 327, 330 (5th Cir. 2016) (same result on re-sentencing). Additionally, though one exception to this rule is the parties' joint agreement for the defendant to pay restitution for conduct outside the offense of conviction, Mr. Salinas' agreement in the instant case did not so specify. *See* 18 U.S.C. § 3663(a)(3).

### **Rule 35, Federal Rules of Criminal Procedure**

This Court's order of restitution was error, as it rested on conduct that was outside the offense of conviction. This Court is given the authority to modify an incorrect sentence under Rule 35(a) of the Federal Rules of Criminal Procedure. This authority extends to those cases in which there is "an obvious error or mistake." *See United States v. Brown,* No. 4:18-

5

CR-242, 2019 U.S. Dist. LEXIS 12158, ** 2-3 (N.D. Tex., Jan. 25, 2019), citing *United States v. Ross,* 557 F.3d 237, 239 (5th Cir. 2009) (granting government's post-sentencing motion for reduction of amount of restitution owed by defendant).

In the instant case, there is no dispute that the amount of money unlawfully paid by the City of La Joya under the Public Relations Contract was $22,000. The restitution in the instant case should be reduced to reflect only that amount.

**WHEREFORE, PREMISES CONSIDERED**, Defendant Jose Adolfo Salinas respectfully prays that this Honorable Court will enter an order amending the judgment of Mr. Salinas to remove all orders of restitution save and except an order to pay the City of La Joya $22,000, and otherwise grant relief to defendant Salinas that is just and necessary.

Respectfully submitted,

/s/ Michael McCrum
Michael McCrum
Texas State Bar No. 13493200
MCCRUM LAW OFFICE
845 Proton Rd.
San Antonio, TX 78258
(210) 225-2285
(210) 225-7045 (fax)
**COUNSEL FOR JOSE ADOLFO SALINAS**

Certificate of Service

I hereby certify that a copy of the above and foregoing document has been filed electronically on this the 11th day of May 2022 and a copy sent to the United States Attorney's Office, and all other counsel through the court's electronic filing system.

   /s/ Michael McCrum
Michael McCrum

Certificate of Conference

Counsel was retained yesterday, May 10, 2022, regarding the instant matter. Given the jurisdictional time restriction prescribed by Rule 35, undersigned counsel sent a copy of the instant motion to Government counsel today, May 11, 2022, but feels compelled to file the instant motion prior to receiving the Governemnt's response so as to secure this Court's review within the prescribed time limit.

   /s/ Michael McCrum
Michael McCrum

7

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| PLAINTIFF | § | |
| | § | |
| V. | § | CASE NO. 7:19CR01502-S3-003 |
| | § | |
| JOSE ADOLFO SALINAS | § | |
| DEFENDANT | § | |

**ORDER**

ON THIS DAY came on to be considered Defendant Jose Adolfo Salinas' Motion for Correction of Sentence. The Court finds that Defendant Salinas' motion is well-founded and should be granted. Accordingly,

IT IS HEREBY ORDERED that Defendant Salinas' motion for correction of sentence is granted. The Court further orders that the restitution ordered in the above-captioned case as to Defendant Jose Adolfo Salinas on April 28, 2022, be, and is hereby, reduced to $22,000.00, to be paid to the City of La Joya in the manner otherwise addressed in the judgment entered in this cause.

IT IS FURTHER ORDERED that an amended judgment will be entered by this Court to reflect the reduction of restitution as hereby ordered.

SIGNED AND ENTERED on this the _____ day of _____ 2022.

_____
UNITED STATES DISTRICT JUDGE